# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,       :       Case No. 3:03-cr-086
                                                  (Civil case 3:07-cv-377)

                                                  District Judge Walter Herbert Rice
    -vs-                                        Chief Magistrate Judge Michael R. Merz
                                       :

ANDRE LAMAR PLAYER,

       Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 143). On Order of the Court (Doc. No. 144), the United States has filed an Answer (Doc. No. 148) and Defendant has filed a Reply to that Answer (Doc. No. 150). By separate entry (Doc. No. 153), the Court has denied Defendant's Motion for an Evidentiary Hearing (Doc. No. 147). Therefore the § 2255 Motion is ripe for adjudication.

Defendant pleads the following grounds for relief:

> **Ground One:** Sixth Amendment violation/ ineffective assistance of counsel.
>
> **Supporting Facts:** Dayton police officers' utilization of inventory search to rummage around vehicle for incriminating evidence. Counsel failed to raise and argue this meritorious claim and/or failed to investigate the law concerning the same.
>
> **Ground Two:** Sixth Amend[ment] violation/ ineffective assistance of counsel.
>
> **Supporting Facts:** Dayton police officers conducted an unauthorized forcible entry (causing excessive destruction) of private property, i.e., locked glove compartment minus exigent circumstances. Counsel

1

failed to raise and argue this meritorious claim; and/or failed to investigate the law concerning the same.

**Ground Three:** Sixth Amend[ment] violation/ineffective assistance of counsel.

**Supporting Facts:** Dayton police officers violated established standardized policy regarding inventory searches of vehicles, as said policy authorized inventory search of closed containers only, but incorporated no provision of authorization re LOCKED CONTAINERS. Counsel failed to raise and argue this meritorious claim; and/or failed to investigate the law concerning the same.

**Ground Four:** Sixth Amend[ment] violation/ineffective assistance of counsel.

**Supporting Facts:** Counsel rendered assistance way below the objectionable [sic] norm by failing to raise Petitioner's standing re his reasonable expectation of privacy in the contents of his vehicle's locked glove compartment.

**Ground Five:** Sixth Amendment violation/Ineffective assistance of counsel.

**Supporting Facts:** Counsel failed to challenge the government's lack of subject matter jurisdiction, which is the first rule of pleading. Trial counsel entered into a stipulation to jurisdiction of firearm, thus relying solely upon the government's allegations, and failed to conduct an independent investigation into the true origin of the firearm and its alleged transport thru commerce which is jurisdictional foundation of 18 U.S.C. § 922(g). Trial counsel performed the foregoing in spite of the fact that the law held the criminal jurisdiction of the United States cannot be established thru agreement, stipulation or consent of the parties.

**Ground Six:** Sixth Amendment violation/Ineffective assistance of counsel.

**Supporting Facts:** Appellate counsel rendered deficient assistance of counsel when said counsel failed to (a) brief and file follow up claim as to denial of petitioner's motion to suppress and contestation of the illegal search and seizure. Also, appellate counsel failed to raise grounds 1 thru 5.

(Motion to Vacate, Doc. No. 143, at 5-9.)

**Analysis**

All of Defendant's claims are for ineffective assistance of counsel, trial counsel on Grounds One through Five and appellate counsel on Ground Six. The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144

3

(1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Counsel's tactical decisions are particularly difficult to attack. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). Indeed, strategic choices by defense counsel are "virtually unchallengeable." *Buell v. Mitchell,* 274 F. 3rd at 337, 359 (6th Cir. 2001), quoting *Meeks v. Bergen*, 749 F. 2nd 322, 328 (6th Cir. 1984).

As to the prejudice prong, the test is whether counsel's errors have likely undermined the reliability of, or confidence in, the result. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996), citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). "Counsel is constitutionally ineffective only if [his or her] performance below professional standards caused the defendant to lose what he otherwise probably would have won." *United States v. Morrow*, 977 F.2d 222 (6th Cir. 1992). Defects in assistance that have no probable effect on the trial's outcome do not establish a constitutional violation. *Mickens v. Taylor,* 535 U.S. 162, 166 (2002). To show prejudice the new evidence that a habeas petitioner presents must differ in a substantial way – in strength and subject matter – from the evidence actually presented at sentencing. *Hill v. Mitchell*, 400 F.3d 308 (6th Cir. 2005)(contains long analysis of cases finding no prejudice).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *United States v. Cronic,* 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974). The *Strickland* test applies

4

to appellate counsel. *Smith v. Robbins*, 528 U.S. 259 (2000); *Burger v. Kemp,* 483 U.S. 776, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987). The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *See Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674(6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented. *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

Mr. Player's first four Grounds for Relief revolve around the opening of the glove

compartment of the Oldsmobile he was driving on October 13, 2002. As the District Judge will recall,[1] the car was stopped by Dayton Police on Forest Avenue after dispatch reported that a person in a similarly-described automobile had committed an aggravated menacing offense with a firearm a few blocks north of the location of the stop; Mr. Player was the driver of the car and had also committed a moving traffic violation which the officers had observed. When the car was stopped, the passenger, James Wright, fled on foot and was pursued and apprehended. The officers determined that Mr. Player was driving without a valid license and placed him under arrest. When asked about the firearm, Mr. Player admitted that it was in the car and in fact in the glove compartment, but claimed that the gun belonged to Wright who had brought it into the car and used it in the aggravated menacing offense and Wright had the key to the glove compartment.

Mr. Wright was subsequently charged in this Court with being a felon in possession of a firearm on the basis of the incident of October 13, 2002. As a witness to that incident, Mr. Player was contacted by ATF Agent Joshua Bezy to appear as a witness at Wright's trial. Having initially agreed to cooperate, Mr. Player then failed and refused to testify voluntarily; a material witness arrest warrant was executed too late to obtain his testimony at Wright's trial. Mr. Player was subsequently arrested for a separate incident occurring on May 2, 2003, which formed the basis of Count 3 of the Indictment in this case. At the time of the Motions to Suppress, then, he was seeking to suppress both his statements and the firearm.

What Defendant appears to fail to realize is that his present argument on suppression of the firearm – to wit, that it was found during an improper search of the locked glove box – is fatally inconsistent with the evidence which was before the Court on the Motions to Suppress actually made. This is apparently why Ms. Harvey advised the Court that she did not see any good grounds

---

[1] The relevant facts are set forth in detail in the Decision and Entry denying both of Defendant's Motions to Suppress. Doc. No. 70.

for moving to suppress the firearm unless the statements made to the police were suppressed (See Doc. No. 56 at 8, copy attached to § 2255 Motion as Exhibit I). At the time of his arrest on October 13, 2002, Mr. Player tried to put all responsibility for the firearm on Mr. Wright. He told police that Wright owned the firearm, brought it into the car, used it to commit a criminal offense, and then locked it into the glove compartment and took the key. Apparently his efforts to put the blame on Wright were initially successful because, as the District Judge found in denying the Motions to Suppress, Player was not a target of federal investigation until the incident in May, 2003. But if the gun was Wright's and Wright had the only key to the glove box into which he had locked the gun, how did Mr. Player have a reasonable expectation of privacy in the contents of the glove box? Yet this is the whole gravamen of his first four Grounds for Relief.

Criminal defendants are not well advised to pursue completely inconsistent avenues of relief because courts are likely to be disbelieving under those circumstances. Thus Ms. Harvey's point in the quoted memorandum is correct: only if the statements were suppressed would there have been any likelihood of Mr. Player's credibly claiming that he had a privacy interest in the contents of the glove box. Under these circumstances, it was not ineffective assistance of counsel to fail to make the argument Mr. Player now insists Ms. Harvey should have made about the impropriety of a forced opening of the glove box. Grounds One through Four are without merit.

In his fifth Ground for Relief, Mr. Player asserts Ms. Harvey provided him with ineffective assistance of counsel when she stipulated to the jurisdictional fact that the firearm in question had moved in interstate commerce.

Mr. Player is correct that an interstate nexus is required to be shown to convict a defendant under 18 U.S.C. § 922(g) and that that portion of the statute is necessary to make the statute constitutional under the Commerce Clause. *See, e.g., United States v. Lopez,* 514 U.S. 549, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995). He is also correct that subject matter jurisdiction cannot be

conferred on a federal court by stipulation or waiver. ; *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2, 101 S. Ct. 764, 770, n.2, 66 L. Ed. 2d 722 (1981).

However, there is no doubt of the subject matter jurisdiction of a federal district court to try an offense charged under the federal criminal statutes. Indeed, although consideration was given in the early years of the Republic to having federal criminal charges tried in the state courts, that option was rejected in Congressional deliberations on the Judiciary Act of 1789 and such cases have always been tried in the federal courts.

There has never been any prohibition on stipulation by parties to jurisdictional facts, such as the fact that the firearm in suit was manufactured outside the State of Ohio. Mr. Player does not now offer any facts to show that the stipulation is false[2] and indeed he himself signed the stipulation (See Doc. No. 86 at 3.)

A criminal defendant who declines to stipulate to easily provable facts runs the considerable risk that the jury may perceive that he is wasting their time by insisting on proof of such facts. Indeed, where the facts are essential to conviction but their proof may be damaging to a jury's impression of a defendant – for example, proof of prior felony convictions – stipulations to those facts are common and it may even be ineffective assistance, or close to it, to refuse to make such a stipulation. Part of the document in which the interstate nexus was stipulated to also stipulated that Defendant had a prior felony conviction. *Id*. at ¶ 1.

In any event, Defendant has shown no prejudice from the stipulation: he has failed to tender

---

[2]The Magistrate Judge doubts that parties could create federal subject matter jurisdiction over a case by stipulating to facts that were indeed false. There is no suggestion that that happened here. In fact, it is a matter frequently testified to in this Court that only one brand of firearms is manufactured in Ohio, a brand other than the Norinco brand at issue here.

any proof that the Norinco 9 mm. was manufactured in Ohio or that the Government would have had any difficulty in proving that it was not. Defendant's fifth Ground for Relief is therefore without merit.

Based on the foregoing analysis, Ms. Harvey did not render ineffective assistance at the trial level. Therefore it cannot have been ineffective assistance of appellate counsel for the appellate attorney to have failed to assert that ineffective assistance on appeal. Nor could he have raised Grounds One through Five as claims independent of any assertion of ineffective assistance because there was an inadequate trial record to support such claims. The sixth Ground for Relief is therefore also without merit.

### Conclusion

Based on the foregoing analysis, the § 2255 Motion should be denied with prejudice. Because reasonable jurists would not disagree with the conclusions reached herein, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability. January 10, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond

to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).